IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SANDRA K. GREEN, et al.**, )
)
                Plaintiffs, )
) Civil No. **05-791-CJP**
vs. )
)
**DENNY'S CORPORATION,** )
**and DENNY'S, INC.,** )
**d/b/a Denny's Restaurant N. 0841**, )
)
                Defendants. )

## ORDER

**PROUD, Magistrate Judge**:

Before the court is Defendant's Alternative Motion for New Trial on the Issues of Erroneous Admission of Prejudicial Testimony and Punitive Damages, or Remittitur of the Punitive Damages Award. **(Doc. 94)**. Plaintiffs filed a response at **Doc. 105**, and defendant filed a reply at **Doc. 130.**

This court may grant a new trial "if the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." ***Tapia v. City of Greenwood*, 965 F.2d 336, 338 (7th Cir.1992). See, Fed.R.Civ.P. 59(a)**. However, an error cannot be the basis for granting a new trial unless refusing to grant a new trial "appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." **Fed.R.Civ.P. 61.**

Defendant argues that the court erred in permitting plaintiffs to testify that defendant's employee, Chris Brooks, made racially derogatory remarks about them, including referring to

1

them as "a bunch of monkeys" and "niggers."  In addition, defendant argues that the court erred in permitting "speculative testimony and self-serving conclusions" about the quality of service rendered by Brooks to white customers.

Defendant suggests that the racially derogatory statements made by Brooks were inadmissible hearsay.  Plaintiffs make the obvious response that the statements were not hearsay because they were not offered to prove the truth of the matter asserted.  **F.R.Evid. 801(c)**.  The court agrees that the statements were not hearsay.  The statements were highly relevant in the circumstances of this case, and they were properly admitted.

Defendant's arguments regarding the testimony about the quality of service rendered to white customers is so general as to preserve nothing for review.  "Perfunctory and undeveloped" arguments are waived, as are points that are not supported by pertinent authority.  *Smith v. Northeastern Illinois University*, **388 F.3d 559, 569 (7th Cir. 2004)**.  Defendant does not point to any specific testimony that is contends was inadmissible.  Rather, its argument seems to be that each and every plaintiff did not testify that he or she personally observed that white customers were treated better than they were.  Defendant offers no cogent reason why a plaintiff would be required to have such personal knowledge of disparate treatment in order to make a case under Section 1981.  The point is denied.

Lastly, defendant argues that the award of punitive damages is against the weight of the evidence.  This argument is a rehash of the argument made in its Motion for Judgment as a Matter of Law, **Doc. 90**.  The court reviewed the evidence supporting punitive damages at length in its order denying **Doc. 90**, as well as its order denying defendant's Motion to Reverse the Punitive Damages Verdict as a Matter of Law, **Doc. 92.**  For the reasons stated in those orders,
2

the court concludes that there was sufficient evidence to support punitive damages here, and the amount of punitive damages was not excessive.

In sum, defendant has not identified any error in the trial. The verdicts are supported by substantial evidence and are not excessive. The trial was not unfair to defendant.

Defendant's Alternative Motion for New Trial on the Issues of Erroneous Admission of Prejudicial Testimony and Punitive Damages, or Remittitur of the Punitive Damages Award **(Doc. 94)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATE:  September 18, 2008.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**