IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SANDRA K. GREEN, et al.**, | ) |
|           Plaintiffs, | ) |
| vs. | ) Civil No. **05-791-CJP** |
| **DENNY'S CORPORATION,** and **DENNY'S, INC.,** d/b/a Denny's Restaurant N. 0841, | ) |
|           Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge**:

Before the court is Defendant's Motion for Judgment as a Matter of Law. **(Doc. 90)**. Plaintiffs filed a response at **Doc. 106**, and defendant filed a reply at **Doc. 128.**

Plaintiffs are a group of relatives and friends who are African-American. They went to Denny's Restaurant located on Lincoln Trail in Fairview Heights, Illinois, on November 2, 2003, to have a meal together. They allege that they were discriminated against on the basis of their race by Denny's employees, in violation of 42 U.S.C. §1981.[1]

The parties consented to final disposition by a Magistrate Judge, pursuant to 28 U.S.C. §636(c). **See, Docs. 28, 30 & 37.** After a five-day trial, the jury found in favor of each of the fifteen plaintiffs.[2] Each plaintiff was awarded $5,000.00 in compensatory damages and $35,000.00 in punitive damages, and judgment was entered accordingly. **See, Docs. 62 - 77.**

---

[1] Plaintiffs originally sued under both 42 U.S.C. §1981 and 42 U.S.C. §2000a. They voluntarily dismissed their §2000a claims on the first day of trial. See, Doc. 48.

[2] The claims of plaintiff Barbara Jones were dismissed on oral motion on the first day of trial as she is deceased. See, Doc. 48.

1

Defendant moved for judgment as a matter of law pursuant to Fed.R. Civ. P. 50(a) at the close of plaintiff's evidence. After a lengthy discussion on the record, the court denied the motion. Tr., vol. 5, pp. 2-7. Defendant rested without offering any evidence. Tr., vol. 5, p. 7. Defendant then renewed its motion. The court took the motion under advisement. Tr., vol. 5, p. 8.

In deciding a motion for judgment as a matter of law, the court must consider "whether the evidence presented, drawing all reasonable inferences in favor of the non-movant, was sufficient to support the verdict." ***Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007)**. "The verdict should be overturned only if no reasonable jury could have found in [plaintiffs'] favor." ***Ibid.***

Since defendant offered no evidence, the evidence under consideration on this motion is the same as the evidence under consideration on defendant's initial Rule 50 motion. The court's conclusion is the same as well.

Tellingly, the recitation of the evidence in defendant's motion omits crucial evidence tending to prove that defendants' managerial employees failed to act on knowledge that the waiter, Chris Brooks, acted in a hostile and discriminatory way towards African-American customers. In particular, witness Theresa Huggins, one of the four managers at the restaurant in question, testified at length. Ms. Huggins wrote two memoranda about Chris Brooks, dated November 1, 2003 (Plaintiffs' Exhibit 2), and November 2, 2003 (Plaintiffs' Exhibit 3A). Copies of the exhibits are attached to Doc. 106. The memos and Ms. Huggins's testimony indicate that Denny's management knew that Brooks discriminated against black customers before plaintiffs arrived for their meal on November 2, 2003. However, despite Denny's "zero tolerance policy," no action was taken regarding Brooks until after the events involving

plaintiffs. Brooks was fired on November 3, 2003. The termination notice did not reference Brooks' discriminatory action. A jury could thus conclude that Denny's ignored actual knowledge that Brooks discriminated against black customers. Tr., vol. 2, pp. 123-203.

The court views the evidence as a whole, along with all reasonable inferences drawn from that evidence. **See,** ***Hall v. Forest River, Inc.*****, 536 F.3d 615, 619 (7th Cir. 2008).** When viewed this way, the evidence is sufficient to support the verdicts in favor of plaintiffs. Contrary to defendant's view, plaintiffs established much more than just "bad service." The jury accepted plaintiffs' testimony that Brooks exhibited a hostile attitude, was rude, used racially derogatory language and got their orders wrong. It is a reasonable inference that Brooks intentionally got plaintiffs' orders wrong because of his hostility towards black people.

Defendant's argument that each plaintiff had to present evidence that a white customer received better service than they did is misplaced. The jury was entitled to consider the evidence as a whole. Each plaintiff did not have to testify that he or she personally observed a white customer receiving better service. Furthermore, there was direct evidence of racial discrimination in that evidence was presented that Brooks used racially derogatory language about plaintiffs, including referring to plaintiffs as "a bunch of niggers." Tr., vol. 2, p. 17. Taken as a whole, the evidence was sufficient to support the verdicts in favor of plaintiffs.

For the foregoing reasons, Defendant's Motion for Judgment as a Matter of Law **(Doc. 90)** is **DENIED.**

**IT IS SO ORDERED.**

**DATE: September 18, 2008.**

                                            **s/ Clifford J. Proud**
                                            **CLIFFORD J. PROUD**
                                            **UNITED STATES MAGISTRATE JUDGE**