IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SANDRA K. GREEN, et al.**,  )
)
            Plaintiffs,  )
) Civil No. **05-791-CJP**
vs.  )
)
**DENNY'S CORPORATION,**  )
**and DENNY'S, INC.,**  )
**d/b/a Denny's Restaurant N. 0841**,  )
)
            Defendants.  )

## ORDER

**PROUD, Magistrate Judge**:

Before the court is plaintiffs' Motion Under 42 U.S.C.A. 1988 and 28 U.S.C.A. 1920 for the Allowance of Costs and Attorneys Fees. **(Doc. 78)**. The motion is supported by a memorandum and exhibits, **Docs. 79 & 80.** Defendant filed a memorandum in opposition at **Doc. 122.**

Plaintiffs ask the court to award their attorney, Edward J. Szewczyk, Jr., a total of $51,240.00 as an attorney's fee. This number represents 256.2 hours billed at a rate of $200.00 per hour.

42 U.S.C. §1988 provides that, in a case under 42 U.S.C. §1981, the court may award "a reasonable attorney's fee" to a prevailing party. Plaintiffs are obviously prevailing parties here.

"The amount of the award is determined by calculating a lodestar after looking to 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" ***Robinson v. City of Harvey*, 489 F.3d 864, 871 (7th Cir. 2007), citing *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983)**. The lodestar amount may be adjusted upward or downward,

1

depending on a number of factors, but an award of the lodestar amount is presumed to be reasonable. *Robinson*, **489 F.3d at 872.**

**Exhibit 2** to **Doc. 78** is an itemized statement of the hours spent on this case by Mr. Szewczyk from November 14, 2003, through September 14, 2007, which was the date of the verdict. The total is 256.2 hours. Defendant does not raise any issue as to the number of hours, The court finds 256.2 hours to reasonable, recognizing that the case originally involved 16 plaintiffs, went on for more than four years, and culminated in a five-day jury trial. In this regard, the court notes that the case was tried on behalf of plaintiffs by Mr. Szewczyk alone, while defendant was represented by two attorneys. Further, the number of hours does not include the time devoted to post-trial motion practice.

The court must next determine whether the requested hourly rate of $200.00 is reasonable. The reasonable rate is the market rate for the attorney's work, and plaintiffs here bear the burden of establishing the market rate for Mr. Szewczyk's work. *McNabola v. Chicago Transit Authority*, **10 F.3d 501, 518-519 (7th Cir. 1993).** The market rate is the rate that is normally charged to paying clients by lawyers of similar ability and experience in the relevant community. *Id.* If an attorney has no paying clients, the market rate can be established by other evidence, such as an affidavit from an attorney who has relevant knowledge. **See,** *Gautreaux v. Chicago Housing Authority*, **491 F.3d 649, 660 (7th Cir. 2007).**

Plaintiffs rely on Mr. Szewczyk's affidavit, the Laffey Matrix for 2003-2007, and the results of a *National Law Journal* survey of lawyers' billing rates, all attached to **Doc. 78** as **Exhibit A**. Defendant objects that this is not sufficient to show the reasonableness of the claimed rate.

The Laffey Matrix has been used by some District Courts in this Circuit, although its use has not been approved or disapproved by the Seventh Circuit. **See, e.g.,** *Lopez v. City of Chicago*, **2007 WL 4162805 (N.D.Ill.,2007)**. The *National Law Journal* survey is too general to be of much help. It is unnecessary to resort to either the Laffey Matrix or the survey here, however, in view of the other available evidence.

Counsel's affidavit states that he has been in the private practice of law for about 30 years, and that he has handled hundreds of cases and has tried scores of jury trials. He goes on to state "Based upon my experience and the billing practices of firms in the St. Louis Metropolitan Area, including my own firm, an hourly rate of Two Hundred Dollars ($200.00) is a very reasonable rate for the legal work performed in this case." **Ex. A, ¶4.**

Although the wording of the affidavit could be more precise, the court interprets it to mean that Mr. Szewczyk's firm bills his time in civil cases at the rate of $200.00, and that other firms in the St. Louis area also bill the time of lawyers of similar ability and experience at the same rate. This evidence establishes $200.00 per hour as the market rate. *McNabola, supra.*

Plaintiffs are seeking an award of the lodestar amount, which is presumptively reasonable. *Robinson*, **489 F.3d at 872.** The court will grant that amount as an attorney's fee. In addition, plaintiffs are seeking costs in the amount of $7,290.06. **Doc. 80** is an itemization of the costs. The amounts claimed appear reasonable, and defendant has not raised any objection to the costs. Therefore, the court will grant the amount requested.

Upon consideration and for good cause shown, plaintiffs' Motion Under 42 U.S.C. A. 1988 and 28 U.S.C.A. 1920 for the Allowance of Costs and Attorneys Fees **(Doc. 78)** is **GRANTED**.

Plaintiffs are awarded an attorney's fee in the amount of **Fifty-One Thousand, Two Hundred and Forty Dollars ($51,240.00)**, and costs in the amount of **Seven Thousand Two Hundred and Ninety Dollars and Six Cents ($7,290.06)**, for a total of **Fifty-Eight Thousand, Five Hundred and Thirty Dollars and Six Cents ($58,530.06).**

**IT IS SO ORDERED.**

DATE:  September 19, 2008.

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**